Shayna Balch Santiago, SBN 024852
Lori A. Guner, SBN 031646
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Telephone: (602) 281-3400
Fax: (602) 281-3401
ssantiago@fisherphillips.com
lguner@fisherphillips.com
Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Clemons,<br><br>    Plaintiff,<br><br>v.<br><br>L & R Meats, Limited d/b/a Midwestern Meats, et al.,<br><br>    Defendants. | No. CV-21-00372-PHX-JAT<br><br>**JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS SUIT** |

Plaintiff Jerry Clemons and Defendants L & R Meats, Limited d/b/a Midwestern Meats, Roger E. McConnell, Sally McConnell, Rodney McConnell, and Erlinda McConnell (collectively "Defendants") by and through undersigned counsel, hereby submit this Joint Motion to Approve Settlement and Dismiss the claims made in this case with prejudice.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Genuine Dispute

The parties agree that this case presented matters of genuine dispute under the Fair Labor Standards Act. Defendants and Plaintiff disputed the amount of hours worked and wages owed, and have agreed to settle that dispute on terms acceptable to both parties. On March 4, 2021, Plaintiff filed his Verified Complaint, alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"),

by failing to pay him overtime. (Doc. 1). On November 5, 2021, Plaintiff filed his First Amended Complaint, alleging that Defendants violated (1) the FLSA 29 U.S.C. § 201 et seq. by failing to pay him overtime, and (2) the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") § 23-362, et seq. by failing to pay him the applicable Arizona minimum wage. In both Defendants' Answer to Verified Complaint (Doc. 10) and Defendants' Answer to First Amended Complaint (Doc. 26), they denied the allegations and denied that they owed Plaintiff any additional compensation.

The seminal case on the settlement of FLSA cases is *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982). The Ninth Circuit has not ruled on this issue, but, as shown below, several district court judges in the Ninth Circuit have cited that case with approval. The *Lynn's Food Stores* decision confirms, like the FLSA, that claims arising under the FLSA may be settled or compromised only with the approval of the District Court or the Secretary of Labor.

## II. Legal Standard

Employees cannot waive claims for unpaid wages under the FLSA. To ensure that the employer is relieved of liability in the context of a negotiated settlement agreement, the settlement of an FLSA claim must either be supervised by the Secretary of Labor, as provided by 29 U.S.C. § 216(c), or must be approved by the District Court. *See Hand v. Dionex*, 2007 WL 3383601*1 (D. Ariz. Nov. 13, 2007) (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1352-55); *see also In re: Sepracor, Inc. FLSA Litigation*, 2009 U.S. Dist. LEXIS 97791*5 (D. Ariz. Oct. 9, 2009). If a settlement reflects a "reasonable compromise over issues, such as computation of back wages that are actually in dispute," the district court may approve the settlement in order to "promote the policy of encouraging settlement of litigation." *Id*. at 1354. Such settlements must be fair. *Id*. at 1353.

In this action, Plaintiff alleges Defendants violated the FLSA. Defendants denied that Plaintiff worked more than 40 hours in a workweek and contend that Plaintiff was

1  paid properly. The Parties have now agreed to settle this dispute, as set forth more fully in the Settlement Agreement.

The Parties believe the Settlement Agreement represents a fair and equitable resolution of this matter given the facts of this case, as well as the legal issues involved. This action will benefit Plaintiff, especially in light of the uncertainty regarding Plaintiff's recovery. Liability under the FLSA is a contested issue, with Defendants strongly contending that Plaintiff did not work in excess of 40 hours per workweek and is therefore not owed any additional compensation.

Various other defenses at issue include the statute of limitations and good faith defenses to liquidated damages. The resolution of those issues would dramatically affect any damages award in this case. The settlement is the product of many hours of attorney discussions with each other and their clients. It is not the product of fraud, but rather reflects an arms-length negotiation of a difficult dispute.

In light of the risks facing both parties in proceeding through litigation, the Parties have agreed to settle Plaintiff's FLSA claims and this case, on the terms in the Settlement Agreement attached hereto as **Exhibit A**. As outlined in the Settlement Agreement, Plaintiff agreed to dismiss his claims with prejudice in exchange for $25,832.64, which consists of $12,500 to Plaintiff in alleged unpaid wages and liquidated damages and $13,332.64 in attorneys' fees and out-of-pocket costs to Plaintiff's counsel.

Accordingly, the Plaintiff respectfully requests that the Court determine the fairness of the terms set forth in the Settlement Agreement and enter the proposed Order, filed concurrently herewith, granting the joint motion to approve settlement agreement and dismiss the lawsuit with prejudice.

## CONCLUSION AND RELIEF REQUESTED

As demonstrated herein, the Parties are entitled to Court approval of the $25,832.64 settlement, which consists of $12,500 in damages to Plaintiff and $13,332.64 in attorneys' fees and costs, negotiated under 29 U.S.C § 216(b). The Parties respectfully

1 | request the Court approve the settlement.

2 | DATED this 9th day of August 2022.

FISHER & PHILLIPS LLP

By <u>s/ Shayna Balch Santiago</u>
   Shayna Balch Santiago
   Lori A. Guner
   3200 N. Central Avenue, Suite 1550
   Phoenix, Arizona 85012-2487
   Attorneys for Defendant

BENDAU & BENDAU PLLC

By <u>s/ Clifford P. Bendau, II</u> *(with permission)*
   Clifford P. Bendau, II
   Christopher J. Bendau
   PO Box 97066
   Phoenix, Arizona 85060
   Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF Systems for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

Clifford P. Bendau, II
Christopher J. Bendau
Bendau & Bendau PLLC
PO Box 97066
Phoenix, Arizona 85060
Attorneys for Plaintiff


 s/ Kathy Meyer

FP 44851027.1